**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOELLE LEONE and MICHAEL WINN, for themselves and all others similarly situated, Plaintiffs,** | **Case No. _______________** |
| **v.** | |
| **AMERICAN ACADEMIC HEALTH SYSTEM, L.L.C., TENET HEALTHCARE CORP. and HAHNEMANN UNIVERSITY HOSPITAL, Defendants.** | **JURY TRIAL DEMANDED** |

## COLLECTIVE / CLASS ACTION COMPLAINT

Joelle Leone and Michael Winn ("Plaintiffs"), by and through their undersigned counsel, hereby make the following allegations against American Academic Health System, L.L.C. ("American"), Tenet Healthcare Corp. ("Tenet") and Hahnemann University Hospital ("Hahnemann") (collectively, "Defendants") concerning their acts and status upon actual knowledge and concerning all other matters upon information, belief, and the investigation of their counsel:

## NATURE OF THE ACTION

1. Plaintiffs bring this action to redress Defendants' violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and the Pennsylvania Minimum Wage Act of 1968, 43 P.S. §§ 333.101 ("PMWA"), by knowingly suffering or permitting employees with hands-on patient care responsibilities at Hahnemann to experience interrupted meal breaks without properly tracking these interruptions or paying overtime wages due for these breaks.[1]

[1] Upon information and belief, the following 21 jobs at Hahnemann involve hands-on patient care responsibilities and are at issue in this Complaint: CAT Scan Technician, Certified Occupational Therapy Assistant, Clinical Assistant, Diagnostic X-Ray Technician, EEG

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer… in any Federal or State court of competent jurisdiction." This Court also has jurisdiction over this action pursuant to 28 U.S.C. §1331 because Plaintiffs assert a claim arising under the FLSA.

3. This Court has supplemental jurisdiction over Plaintiffs' PMWA claim pursuant to 28 U.S.C. § 1367, because this claim arises from the same occurrences and transactions as Plaintiffs' FLSA claim (i.e., Defendants' failure to pay overtime wages for meal break work) and are so related to this claim as to form part of the same case or controversy.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District: Plaintiffs reside in this District, Plaintiffs worked for Defendants in this District, Plaintiffs suffered the losses at issue in this District, Defendants have significant business contacts in this District, Defendants are alleged to have engaged in the wrongful conduct at issue in this District, and actions and omissions giving rise to Plaintiffs' claims occurred in this District.

## THE PARTIES

5. Plaintiff Joelle Leone is an adult citizen of the Commonwealth of Pennsylvania who resides in Philadelphia County. Ms. Leone worked as a full-time Registered Nurse in the Hahnemann University Hospital Emergency Room from July 2010 to April 7, 2018, logging 40 or more hours (not including the unpaid time claimed in this action) in ten or more workweeks

---

Technician, EKG Technician, Licensed Practical Nurse, Mammography Technician, Medical Lab Technician, Medical Technologist, MRI Technician, Nuclear Medicine Technician, Nursing Assistant, Occupational Therapist, OR Technician, Physical Therapist, Physical Therapy Assistant, Registered Nurse, Respiratory Therapist, Surgical Technician and Ultrasound Technician. Plaintiffs reserve the right to revise this list as needed.

per year. Ms. Leone has worked in the Interventional Radiology Department since April 9, 2018. Ms. Leone has submitted an opt-in consent form to join this lawsuit. *See* Exhibit A.

6. Plaintiff Michael Winn is an adult citizen of the Commonwealth of Pennsylvania who resides in Philadelphia County. Mr. Winn has worked as a full-time Registered Nurse in the Hahnemann University Hospital Emergency Room since 2010, logging 40 or more hours (not including the unpaid time claimed in this action) in ten or more workweeks per year. Mr. Winn has submitted an opt-in consent form to join this lawsuit. *See* Exhibit A.

7. Defendant American Academic Health System, L.L.C. ("American") is a Delaware Limited Liability Company with a principal place of business in El Segundo, CA. On January 11, 2018, American completed its purchase of Hahnemann University Hospital in Philadelphia from Tenet Healthcare Corp. *See http://americanacademic.com/our-health-system/ and https://www.businesswire.com/news/home/20180111006154/en/American-AcademicHealth SystemCompletes-Acquisition-Hahnemann* (accessed May 2, 2018). Affiliates of American own and operate several other hospitals and ambulatory sites in Los Angeles, CA, Philadelphia, PA and Washington, D.C. *Id.* Since January 11, 2018, American has owned, operated and managed Hahnemann University Hospital, has been an "employer" of Plaintiffs and the putative Class members as defined by the FLSA and PMWA and has been actively engaged in the conduct alleged in this Complaint.

8. Defendant Tenet Healthcare Corp. ("Tenet") is a publicly-held Nevada corporation with a principal place of business in Dallas, TX. Tenet owns and operates more than 500 hospitals, imaging centers, urgent care centers and ambulatory surgery centers across the country. *See https://www.tenethealth.com/for-patients/our-locations* (accessed July 18, 2018). From the beginning of the relevant period until January 11, 2018, Tenet owned and managed Hahnemann University Hospital, was an "employer" of Plaintiffs and the putative Class

members as defined by the FLSA and PMWA and was actively engaged in the conduct alleged in this Complaint.

9. Defendant Hahnemann University Hospital ("Hahnemann") is an accredited, 496-bed academic medical center located at 230 N. Broad Street in Philadelphia, PA. *See https://www.hahnemannhospital.com/SitePages/Home.aspx* (accessed July 18, 2018). Throughout the relevant period, Hahnemann has been an "employer" of Plaintiffs and the putative Class members as defined by the FLSA and PMWA and has been actively engaged in the conduct alleged in this Complaint.

**BACKGROUND FACTS**

10. Defendants maintain written timekeeping and compensation policies for employees with hands-on patient care responsibilities at Hahnemann. Under these policies, Defendants promise, among other things, one unpaid, 30-minute meal break per shift and to pay overtime premium wages for all overtime hours worked (defined as time worked over 40 hours in any given workweek). Plaintiffs are familiar with these policies because they have worked at Hahnemann hospital for years and have discussed timekeeping, compensation, meal break and overtime issues with their co-workers and managers as part of Defendants' day-to-day operations.

11. In keeping with their common policies and practices, Defendants automatically deduct 30 minutes from each shift for hourly employees with hands-on patient care responsibilities work, representing their unpaid meal break. Plaintiffs are familiar with this automatic deduction because they have to work for 8½ hours to earn their full wages for an 8-hour shift, work for 12½ hours to earn their full wages for a 12-hour shift and have discussed the automatic meal break deduction with their co-workers and managers as part of Defendants' day-to-day operations.

12. Defendants maintain common policies at Hahnemann that require employees to provide excellent patient care at all times. Among other things, these policies require hourly employees with hands-on patient care responsibilities to prioritize their patient care duties over their ability to take an uninterrupted meal break. Plaintiffs are familiar with these policies because they received training about the need to place the highest importance on their patient care responsibilities and because, as part of Defendants' day-to-day operations, they discussed the routine interruption of their meal breaks as a consequence of their efforts to provide excellent patient care with their co-workers and managers.

13. Defendants regularly maintain staffing levels too low for hourly employees with hands-on patient care responsibilities to take a full, uninterrupted meal break off their unit. Further, Defendants do not maintain a dedicated staff of rotating relief workers to free hourly employees from their patient care duties for the duration of their meal break.

14. Defendants maintain common procedures at Hahnemann that ostensibly allow hourly employees to request wages for a missed meal break by entering "no lunch" in the Kronos timekeeping system and/or filling out a "no lunch" form. Plaintiffs are familiar with these procedures because they received training about their right to claim pay for a missed meal break as part of Defendants' day-to-day operations and infrequently asked their manager to approve "no lunch" pay for a missed meal break.

15. Defendants do not maintain any policy or procedure that allows or requires hourly employees to contemporaneously track, record, or report when they experience a meal break that is interrupted by more than *de minimis* work (an "interrupted meal break").

16. Defendants do not maintain any policy or procedure that allows or requires hourly employees to request wages for an interrupted meal break.

17. As a result, although interrupted meal breaks are a regular occurrence for hourly employees with hands-on patient care responsibilities at Hahnemann, these employees do not know they have any right to claim pay for an interrupted meal break, do not maintain any contemporaneous records of their interrupted meal breaks, do not claim wages for their interrupted meal breaks and do not receive any wages for their interrupted meal breaks.

18. This situation is exacerbated because Hahnemann managers routinely discourage hourly employees from seeking wages for interrupted meal breaks by, among other things: explaining that any opportunity to eat during a shift, no matter how short, counts as a meal break; placing blame for an employee's inability to take a full meal break squarely on the employee; that Defendants' failure to provide an employee with a full meal break is the fault of the employee or the result of poor time management skills; and requiring advance approval for meal break work despite the unplanned nature of the work and the fact that managers are usually unavailable to provide advance approval during meal times.

**FACTS RELATING TO THE NAMED PLAINTIFFS**

19. Because of Defendants' short-staffing practices, the lack of dedicated relief workers and the constant, unpredictable demands of patient-care, hourly employees with hands-on patient care responsibilities at Hahnemann rarely receive a full, 30-minute meal break.

20. From October 2015 to April 2018, Ms. Leone worked as a Registered Nurse in the ER and was typically scheduled to work three 12½-hour shifts each week (36 hours plus three 30-minute unpaid meal breaks). Her primary work responsibilities included: admitting patients, providing patient care, monitoring vital signs, administering medicine, monitoring blood-work and test results, responding to emergency calls and security alarms, answering phone calls, communicating with doctors and other hospital employees, providing information and guidance

to patients' families and completing paperwork relating to her patients' condition and treatment, among other things.

21. Over the past three years, Mr. Winn has worked as a Registered Nurse in the ER and is typically scheduled to work three 12½-hour shifts each week (36 hours plus three 30-minute unpaid meal breaks). His primary work responsibilities include: admitting patients, providing patient care, monitoring vital signs, administering medicine, monitoring blood-work and test results, responding to emergency calls and security alarms, answering phone calls, communicating with doctors and other hospital employees, providing information and guidance to patients' families and completing paperwork relating to her patients' condition and treatment, among other things.

22. At Hahnemann, the combination of patient census, patient acuity, staffing levels (including the lack of dedicated relief workers) and the urgent and unpredictable nature of hands-on patient care work did not typically permit Plaintiffs to leave their unit for a meal break, much less take a full, 30-minute meal break free from work.

23. From October 2015 to April 2018, Ms. Leone missed her meal break about 50% of the time. On these days, she was permitted to follow Defendants' procedure and fill out a "no lunch" form to claim pay for her missed meal breaks. From October 2015 to April 2018, Ms. Leone's meal breaks were interrupted by work (for around 20 minutes) about 50% of the time. On these days, she ate on the run, either between work-related tasks, or while charting and manning the phones. Defendants never told Ms. Leone she could record an interrupted meal break as work time or claim pay for an interrupted meal break. Nor did Defendants ever provide Ms. Leone with any procedure to record or claim pay for her interrupted meal breaks. As a result, Ms. Leone did not claim wages for any of her interrupted meal breaks and did not receive any wages for her interrupted meal breaks.

24. Over the past three years, Mr. Winn has missed his meal breaks about 50% of the time. On these days, he is permitted to follow Defendants' procedure and fill out a "no lunch" form to claim pay for his missed meal breaks. Mr. Winn's meal breaks are interrupted by work (for around 20 minutes) about 50% of the time. On these days, he eats on the run, either between work-related tasks, or while charting and manning the phones. Defendants never told Mr. Winn he could record an interrupted meal break as work time or claim pay for an interrupted meal break. Nor did Defendants ever provide Mr. Winn with any procedure to record or claim pay for his interrupted meal breaks. As a result, Mr. Winn has not claimed wages for any of his interrupted meal breaks and did not receive any wages for his interrupted meal breaks.

25. Despite their extensive, regular knowledge of patient census, patient acuity and staffing levels, Defendants never freed Plaintiffs from the need to perform meal break work, gave Plaintiffs adequate coverage or relief so they could take full meal breaks, trained Plaintiffs about their entitlement to claim wages for interrupted meal breaks, implemented any procedure to reliably track Plaintiff's interrupted meal breaks, or implemented any procedure to ensure Plaintiffs were paid all wages owed for their interrupted meal breaks. As a result, Defendants have not paid Plaintiffs for any of their interrupted meal breaks.

## JOINT EMPLOYMENT ALLEGATIONS

26. From the beginning of the relevant period until January 11, 2018, Tenet and Hahnemann served as each other's agents, acted as a joint venture or joint employer and worked in concert to formulate, approve, control and accomplish the improper actions described in this Complaint, so are jointly responsible for Plaintiffs' claims during this period.

27. From January 11, 2018 to the present, American and Hahnemann have served as each other's agents, acted as a joint venture or joint employer and worked in concert to

formulate, approve, control and accomplish the improper actions described in this Complaint, so are jointly responsible for Plaintiffs' claims during this period.

28. During these respective periods, Tenet and American have been actively engaged in the "day-to-day" management of Hahnemann.

29. During these respective periods, Tenet and Hahnemann and American and Hahnemann have been integrated enterprises with inter-related operations, systems, policies, practices and labor relations.

30. During these respective periods, Tenet and American have required Hahnemann employees to follow materially identical policies and procedures relating to timekeeping, meal breaks and prioritizing their patient care responsibilities.

31. During these respective periods, Tenet and American set or approved the range or amount of wages Hahnemann employees were paid for their work as well as the policies, practices and procedures relating to wage payments.

32. During these respective periods, Tenet and American set or approved the standards by which Hahnemann employees' work was supervised and evaluated.

33. During these respective periods, Tenet and American did not require Hahnemann to track hourly employees' interrupted meal breaks, or pay any Hahnemann employee overtime premium wages for their interrupted meal breaks.

34. During these respective periods, Tenet and American have been joint employers with Hahnemann under the FLSA and PMWA, because they each have had the right to: hire and fire employees, set their wages, control their work, direct the manner in which they perform their work, inspect and supervise their work, promulgate policies, practices and procedures governing their employment (including the timekeeping and compensation policies, practices and procedures at issue here) and enforce these policies, practices and procedures.

35. As a result of their policies and procedures, Defendants have willfully failed to track their hourly employees' interrupted meal breaks and have willfully failed to pay any overtime premium wages owed for these interrupted meal breaks, causing direct harm to these employees.

## FLSA COLLECTIVE ACTION ALLEGATIONS

36. Plaintiffs bring their FLSA claim on an opt-in, collective basis pursuant to 29 U.S.C. § 216(b) for themselves and all Hahnemann employees with hands-on patient care responsibilities who have worked on a full-time (FTE 0.8 or over) hourly basis in any workweek during the maximum limitations period (the "FLSA Collective"). Plaintiffs reserve the right to amend this definition as necessary.

37. Plaintiffs are members of the FLSA Collective because they have worked as full-time hourly employees with hands-on patient care responsibilities at Hahnemann throughout the maximum limitations period.

38. Although Plaintiffs and the FLSA Collective may have worked in different units and had different job titles or managers, this action may be properly maintained on a collective basis because, among other things:

a. Plaintiffs and the FLSA Collective all worked in the same hospital;

b. Plaintiffs and the FLSA Collective were subject and required to comply with the common policies and practices at issue in this case;

c. Plaintiffs and the FLSA Collective received common training relating to the matters at issue in this case, including a common lack of training about recording or requesting pay for interrupted meal breaks;

d. Defendants maintained common timekeeping systems and policies with respect to Plaintiffs and the FLSA Collective;

e. Defendants had exclusive responsibility for maintaining accurate records tracking the hours Plaintiffs and the FLSA Collective worked and the wages they received, *see* 29 C.F.R. §516.2(a)(7); and

f. Defendants maintained common payroll systems and policies with respect to Plaintiffs and the FLSA Collective that did not cause or require wages to be properly paid for all interrupted meal breaks.

39. Plaintiffs and the FLSA Collective do not meet any test for exemption under the FLSA.

40. Plaintiffs estimate that the FLSA Collective, including both current and ex-employees over the relevant period, may include several hundred people. The precise number of FLSA Collective members is available from Defendants' personnel, scheduling, time and payroll records, and from input received from the collective group members as part of the notice and "opt-in" process provided by 29 U.S.C. §216(b).

**PENNSYLVANIA CLASS ACTION ALLEGATIONS**

41. Plaintiffs bring their PMWA claim on an opt-out, class action basis pursuant to Fed. R. Civ. P. 23 for themselves and all Pennsylvania residents who have worked in a position with hands-on patient care responsibilities at Hahnemann on a full-time (FTE 0.8 or over) hourly basis in any workweek during the maximum limitations period without receiving overtime wages due for all overtime hours they worked (the "PA Class"). Plaintiffs reserve the right to amend this definition as necessary.

42. Plaintiffs are members of the PA Class because they are Pennsylvania residents who have worked as full-time hourly employees with hands-on patient care responsibilities at Hahnemann throughout the maximum limitations period.

43. Class treatment of Plaintiff's PMWA claim is appropriate because the PA Class satisfies the requirements of Fed. R. Civ. P. 23.

44. The PA Class is so numerous that joinder of all its members would be impracticable. Hahnemann has at least several hundred employees who fit the PA Class definition, meaning that joining all of their claims would be impracticable.

45. Plaintiffs' claims are typical of the claims belonging to the PA Class. Plaintiffs are similarly-situated to the PA Class because they worked at Hahnemann under the common policies and procedures identified above, and were denied legally-required wages for interrupted meal breaks as a result of Defendants' common course of wrongful conduct.

46. There are material questions of law or fact common to the members of the PA Class because, as discussed throughout this filing, Defendants engaged in a common course of conduct that violated their legal rights. Any individual questions Plaintiffs' claims present will be far less central to this litigation than the numerous common questions of law and fact, including:

a. whether Plaintiffs and the PA Class were subject to materially-identical timekeeping and compensation policies that promise hourly employees one unpaid, 30-minute meal break per shift;

b. whether Plaintiffs and the PA Class were subject to materially-identical timekeeping and compensation policies that promise hourly employees overtime premium wages will be paid for all overtime hours worked;

c. whether Plaintiffs and the PA Class were subject to materially-identical policies requiring employees to provide excellent patient care at all times and/or prioritize their patient care duties over their ability to take an uninterrupted meal break;

d. whether Defendants provided the PA Class with any training about requesting wages for an interrupted meal break;

e. whether Defendants maintain any policies allowing the PA Class to request wages for an interrupted meal break;

f. whether Defendants required or permitted the PA Class to track their interrupted meal breaks or claim wages for interrupted meal breaks;

g. whether Defendants denied Plaintiffs and the PA Class overtime premium wages owed under the PMWA; and

h. whether Defendants should be required to pay compensatory damages, liquidated damages and/or attorneys' fees and costs, or enjoined from continuing the wage and hour violations alleged in this Complaint.

47. Plaintiffs will fairly and adequately assert and protect the interests of the PA Class because: there is no apparent conflict of interest between Plaintiffs and the PA Class; Plaintiffs' counsel have successfully prosecuted many complex class actions, including state-law wage and hour class actions, and will adequately prosecute these claims; and Plaintiffs have adequate financial resources to assure that the interests of the PA Class will not be harmed because their counsel has agreed to advance the costs and expenses of litigation on the Class' behalf contingent upon the outcome of this litigation consistent with Pa. R. Prof. Conduct 1.8(e)(1).

48. Allowing this action to proceed as a class action will provide a fair and efficient method for adjudication of the issues presented by this controversy because issues common to the PA Class predominate over any questions affecting only individual members; no difficulties are likely to be encountered in the management of this litigation as a class action; and the claims addressed in this Complaint are not too small to justify the expenses of class-wide litigation, nor are they likely to be so substantial as to require the litigation of individual claims.

49. Allowing Plaintiffs' PMWA claim to proceed as a class action will be superior to requiring the individual adjudication of each PA Class member's claim, since requiring several hundred hourly-paid employees to file and litigate individual wage claims will place an undue burden on the PA Class members, Defendants and the Courts. Class action treatment will allow

a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expenses if these claims were brought individually. Moreover, as the damages suffered by each PA Class member are relatively small, the expenses and burdens associated with individual litigation would make it prohibitively impractical for them to bring individual claims. Further, the presentation of separate actions by individual PA Class members could create a risk for inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of the PA Class members to protect their interests.

50. Allowing Plaintiffs' claims to proceed in a class action setting is also appropriate because Pennsylvania's wage laws expressly permit private class action lawsuits to recover unpaid regular and overtime wages.

**COUNT I**
**VIOLATION OF THE FLSA**
**Unpaid Overtime Wages**

51. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

52. Defendants are "employers" as defined by 29 U.S.C. § 203(d).

53. Plaintiffs and the FLSA Collective are "employees" as defined by 29 U.S.C. § 203(e)(1) and are not exempt from the FLSA's protections for any reason.

54. The wages Defendants pay to Plaintiffs and the FLSA Collective are "wages" as defined by 29 U.S.C. § 203(m).

55. Defendants are an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

56. 29 U.S.C. § 216(b) expressly allows private plaintiffs to bring collective actions to enforce employers' failure to comply with the FLSA's requirements.

57. Throughout the relevant period, Defendants have been obligated to comply with the FLSA's requirements, Plaintiffs and the FLSA Collective members have been covered employees entitled to the FLSA's protections, and Plaintiffs and the FLSA Collective members have not been exempt from receiving wages required by the FLSA for any reason.

58. 29 U.S.C. § 207(a)(1) requires employers to pay their employees an overtime rate, equal to at least 1½ times their regular rate of pay, for all hours worked in excess of 40 hours per week.

59. The FLSA does not specifically define the term "work", but the Department of Labor has promulgated regulations containing "Principles for Determination of Hours Worked" to inform this issue. *See* 29 C.F.R. §§ 785.11-785.13. These Principles plainly state that any work an employer "suffers or permits" to be performed at the job site (like Plaintiffs' meal break work) must be counted as hours worked when the employer "knows or has reason to believe" the work is being performed. *Id.*

60. Defendants maintain a written policy promising Plaintiffs and the FLSA Collective one 30-minute unpaid meal break per shift. Having made this promise, Defendants were obligated to ensure either that Plaintiffs and the FLSA Collective were completely relieved from all work-related duties during their unpaid meal break, or that they accurately tracked and recorded both their missed and interrupted meal breaks and received all overtime wages due for all missed and interrupted meal breaks.

61. Defendants require Plaintiffs and the FLSA Collective to prioritize their work-related responsibilities over their entitlement to an uninterrupted meal break.

62. Defendants do not require Plaintiffs and the FLSA Collective to "clock-out" before starting their meal break, "clock-in" after their meal break, or create any contemporaneous record of the amount of uninterrupted, work-free time they have during any given meal break.

63. Defendants do not maintain adequate staffing levels or provide dedicated relief workers to ensure Plaintiffs and the FLSA Collective are completely relieved from work-related duties during their entire unpaid meal break.

64. Defendants do not maintain any policy or procedure requiring Plaintiffs and the FLSA Collective to track or report their interrupted meal breaks or any policy or procedure allowing Plaintiffs and the FLSA Collective to request wages for an interrupted meal break.

65. Defendants do not adequately inform Plaintiffs and the FLSA Collective about their entitlement to seek wages for interrupted meal breaks.

66. Defendants regularly suffer or permit Plaintiffs and the FLSA Collective to perform more than *de minimis* work during their 30-minute unpaid meal breaks.

67. Defendants know that Plaintiffs and the FLSA Collective regularly experience interrupted meal breaks because: Defendants maintain policies, practices and procedures that require Plaintiffs and the FLSA Collective to prioritize their patient care duties over their ability to take an uninterrupted meal break; Defendants have ready access to staffing, patient census and patient acuity information suggesting Plaintiffs and the FLSA Collective are regularly unable to leave their units to take a full meal break; Defendants' managers assign, oversee, or are responsible for the work Plaintiffs and the FLSA Collective do during meal breaks; Plaintiffs and the FLSA Collective routinely perform meal break work in plain sight on Defendants' premises; Plaintiffs and the FLSA Collective perform work (like administering medication, completing electronic forms, or making CAT scans) that creates a readily-available time record during meal

periods; and Plaintiffs and the FLSA Collective have regularly spoken to their managers and supervisors about issues relating to short staffing and meal break work.

68. Despite having both actual and constructive knowledge that Plaintiffs and the FLSA Collective routinely experience interrupted meal breaks, Defendants have not taken any steps to accurately track their meal break work time, or pay the wages owed for this time.

69. By engaging in this conduct, Defendants have acted with willful and/or reckless disregard for the FLSA Collective members' rights under the FLSA.

70. Plaintiffs and the FLSA Collective have been harmed as a direct and proximate result of Defendants' unlawful conduct, because Defendants regularly and consistently deprive Plaintiffs and the FLSA Collective of overtime wages owed for meal break work they perform in workweeks of 40 hours or more.

71. For all the reasons stated above, Plaintiffs and the FLSA Collective are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. §216(b).

**COUNT II**
**VIOLATION OF THE PMWA**
**Unpaid Overtime Wages**

72. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

73. Defendants are covered employers required to comply with the PMWA's mandates.

74. Plaintiffs are seeking to recover "wages" as that term is defined by the PMWA.

75. Plaintiffs and the PA Class are employees entitled to the PMWA's protections, and, during the relevant period, were not exempt from receiving wages payable under the PMWA or its enabling Regulations for any reason.

76. PMWA Section 4(c) requires employers to pay their employees overtime compensation of "not less than one and one-half times the employee's regular rate" for all hours worked over 40 in a given workweek. *See* 43 P.S. § 333.104(c).

77. Under the PMWA, overtime is calculated based on the number of hours worked in a "workweek", defined in controlling regulations as "a period of 7 consecutive days". *See* 34 Pa. Code § 231.42.

78. Throughout the relevant period, PMWA Section 8 required Defendants to "keep a true and accurate record of the hours worked by each employee and the wages paid to each." *See* 43 P.S. § 333.108.

79. The PMWA provides that "any agreement between the employer and the worker" does not serve as a defense to civil actions brought to recover wages owed under the Act.

80. Defendants have intentionally violated the PMWA wage payment requirement by knowingly suffering or permitting Plaintiffs and the PA Class to work during their unpaid meal breaks without accurately tracking this work or paying all wages owed for it.

81. By engaging in this conduct, Defendants have acted with willful and/or reckless disregard for Plaintiffs' and the PA Class members' rights under the PMWA.

82. There is no language in the PMWA, no exception to the PMWA or its enabling Regulations, or any applicable provision elsewhere in Pennsylvania law that permits Defendants to avoid paying Plaintiffs and the PA Class for their overtime work, so Defendants have no good faith justification or defense for failing to pay Plaintiffs and the PA Class members all wages mandated by the PMWA.

83. Defendants' failure to pay Plaintiffs and the PA Class all wages owed for their meal break work violates the PMWA and has caused them to suffer economic harm.

84. Plaintiffs and the PA Class members have been harmed as a direct and proximate result of the unlawful conduct described here, because they have been deprived of overtime premium wages owed for overtime-eligible work they performed and from which Defendants derived a direct and substantial benefit.

WHEREFORE, Plaintiffs respectfully pray for an Order:

a. Certifying this matter to proceed as a collective action with respect to Count I and as a class action with respect to Count II;

b. Approving Plaintiffs as adequate Class representatives;

c. Appointing Stephan Zouras, LLP to serve as Class Counsel;

d. Finding Defendant willfully violated the applicable provisions of the FLSA and PMWA by failing to pay all required overtime wages to Plaintiffs and the FLSA Collective and PA Class members;

e. Granting judgment in favor of Plaintiffs and the FLSA Collective and PA Class members against Defendant, and each of them, jointly and severally, on Counts I and II;

f. Awarding all available compensatory damages in amounts to be determined;

g. Awarding all available liquidated damages in amounts to be determined;

h. Awarding pre-judgment interest on all compensatory damages due;

i. Awarding a reasonable attorney's fee and reimbursement of all costs and expenses incurred in litigating this action;

j. Awarding equitable and injunctive relief precluding the continuation of policies and practices pled in this Complaint;

k. Awarding any further relief the Court deems just, necessary and proper; and

l. Maintaining jurisdiction over this action to ensure Defendant's compliance with the foregoing.

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury in the above-captioned matter.

Respectfully Submitted,

Dated: September 4, 2018

*/s/ David J. Cohen*

David J. Cohen
STEPHAN ZOURAS LLP
604 Spruce Street
Philadelphia, PA 19106
(215) 873-4836
dcohen@stephanzouras.com

Ryan F. Stephan
James B. Zouras
STEPHAN ZOURAS, LLP
100 North Riverside, Suite 2150
Chicago, IL 60606
312-233-1550
rstephan@stephanzouras.com
jzouras@stephanzouras.com

*Attorneys for Plaintiff*